BANK OF YOUNGSVILLE v. R. P. HUNT.

(Filed 15 October, 1924.)

**Bills and Notes—Negotiable Instruments — Statutes — Blue-Sky Law—
Illegality—Due Course—Notice.**

> Where a note is given for shares of stock, sold in violation of the Blue-
> Sky Law, C. S., 6367, it is voidable only, and a recovery may be had
> thereon by a purchaser for value in due course, in good faith, without
> notice of the illegality of the instrument. *Bank & Trust Co. v. Felton,
> post,* 384.

APPEAL by defendant from *Calvert, J.,* and a jury, November Term,
1923, of FRANKLIN.

*B. T. Holden and W. H. Yarborough for plaintiff.*
*N. Y. Gulley and J. G. Mills for defendant.*

CLARKSON, J.  The issues submitted to the jury and their answers
thereto are as follows:

"1. Was the execution of the note obtained by fraud as alleged in the
answer?  Answer: No.

"2. Was the contract for the sale of the stock and bonds for which the
note was given, in writing and containing the provisions required by
section 6367 of the Consolidated Statutes?  Answer: No.

"3. Did the Bank of Youngsville become a bona fide holder of said
note in due course, for value and without notice of the defects and
infirmities existing therein?  Answer: Yes.

"4. In what amount, if any, is the defendant indebted to the plaintiff
on said note?  Answer: $5,000, and interest from 30 March, 1920."

The record shows that the second issue, by the consent of the parties,
was answered "No" by the court.  Evidence was offered by both plaintiff
and defendant tending to establish their respective contentions upon the
first, third, and fourth issues, and after argument by counsel and full
and proper instruction from the court, the jury answered said issues
as follows:

First issue, "No."

Third issue, "Yes."

Fourth issue, "$5,000 with interest from 30 March, 1920."

Upon the answer of the second issue by consent, the defendant moved
for judgment.  Motion denied.  The defendant excepted.

The only material assignment of error was as follows: "That the court
erred in overruling defendant's motion for judgment upon the second
issue, 'Was the contract for the sale of the stock and bonds for which
the note was given in writing and containing the provisions required
by section 6367 of the Consolidated Statutes?' being answered 'No.' "

The note sued on being illegal and voidable, not void in not complying with C. S., 6367, and the jury having found that the plaintiff bank was the holder of the note in due course, without notice of the illegality, bona fide for value and before maturity, and the charge of the court below admittedly from the record to be in accordance with law, this case is governed by the principle laid down in *Planters Bank and Trust Co. v. Felton, post,* 384. The illegality is a defense between the original parties, but not in the hands of a purchaser in due course, without notice, bona fide, for value and before maturity.

For the reasons given, there is

No error.